FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

16 DEC 12 PM 3: 19

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

DEREK DESHANE and DEBRA        )
HIDALGO, on behalf of themselves  )
and others similarly situated,      )
                                )          2:16 -CV - 880 -FtM- 29-CM
          Plaintiffs,            )
                                )          Civil Action No.:
v.                              )
                                )
ENHANCED RECOVERY COMPANY,  )
LLC,                            )          **Class Action Complaint**
                                )
          Defendant.            )          **Jury Trial Demanded**
                                )

### Nature of the Action

1.      Derek Deshane and Debra Hidalgo bring this class action against Enhanced Recovery

Company, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.

§ 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated

telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the
> United States if the recipient is within the United States –
>
> (A)      to make any call (other than a call made for emergency purposes or made
>          with the prior express consent of the called party) using any automatic
>          telephone dialing system or an artificial or prerecorded voice –
>
>                                *****
>
> (iii)    to any telephone number assigned to a paging service, cellular telephone
>          service, specialized mobile radio service, or other radio common carrier
>          service, or any service for which the called party is charged for the call,
>          unless such call is made solely to collect a debt owed to or guaranteed by the
>          United States[.]

1

3.    Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system, without the prior express consent of the consumers, in that Defendant repeatedly dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

4.    Section 1692d of the FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

5.    Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

### Jurisdiction

6.    This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Mr. Deshane resides in this District, a substantial part of the events giving rise to this action occurred in this District, and where Defendant is headquartered in this State and in this District.

**Parties**

8.      Mr. Deshane is a natural person who at all relevant times resided in Ft. Myers Beach, Florida.

9.      Mr. Deshane is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Ms. Hidalgo is a natural person who at all relevant times resided in Lansing, Michigan.

11.     Ms. Hidalgo is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Defendant is a Jacksonville, Florida-based debt collection company that touts itself as an "international business processing outsourcing (BPO) and full service, end-to-end provider for every aspect of the customer lifecycle, including debt collection."[1]

13.     Defendant "in its collection space works on behalf of a number of different creditors," including clients from industries such as telecommunications, utilities, banks, cable companies, financial service providers, and student loans.[2]

14.     Defendant "is contracted by creditors and in some instances debt purchasers. [Defendant] does not own any of the debts" it services, and is "contracted by creditors and debt purchasers for [its] services and maintain[s] necessary business and collection agency licenses."[3]

15.     Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Mr. Deshane and Ms. Hidalgo a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

---

[1]     *See* http://www.ercbpo.com/help/who-is-erc/ (last visited Dec. 8, 2016).

[2]     *Id.*

[3]     *Id.*

16.     On its website, under the question "Why is ERC contacting me?", Defendant explains: "If you have been contacted by one of our representatives, it is because we have received information that potentially links you to a debt we have been contracted to collect."[4]

17.     Defendant notes on its website: "This is an attempt to collect a debt. Any information will be used for that purpose."[5]

18.     In addition, when a consumer visits Defendant's website for the purpose of instructing Defendant to stop calling, a notice appears on the screen which states: "ERC is a debt collection agency. This is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose."[6]

19.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

20.     Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 120030, which it first obtained in 2007 and last renewed in May 2016.[7]

### A. Calls to Mr. Deshane

21.     In an attempt to contact a third party named "Maxine" for the purpose of attempting to collect a debt in default, Defendant placed numerous calls—over the course of months—to cellular telephone number (239) 204-xxxx—a number for which Mr. Deshane is the sole subscriber.

---

[4]     *See* http://www.ercbpo.com/help/debt-collection-frequently-asked-questions-2/ (last visited Dec. 8, 2016).

[5]     *See* https://pay.ercbpo.com/app/default.aspx (last visited Dec. 8, 2016).

[6]     *See* http://www.ercbpo.com/help/request/?request_type=stop_calling (last visited Dec. 8, 2016).

[7]     *See* https://www.puc.texas.gov/industry/communications/directories/adad/ report_adad.aspx?ID=ADSQL01DB1245389300004 (last visited Dec. 8, 2016).

4

22.     By way of example, Defendant called Mr. Deshane's cellular telephone number on, among other dates, September 8, 2016.

23.     Upon information and good faith belief, Defendant's records will show additional calls made by it to Mr. Deshane's cellular telephone number with an automatic telephone dialing system.

24.     Defendant called Mr. Deshane's cellular telephone number from (800) 875-4323, a number assigned to Defendant.

25.     Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party, unknown to Mr. Deshane, named "Maxine".

26.     On multiple occasions, Mr. Deshane answered Defendant's calls and spoke to one of Defendant's employees.

27.     Mr. Deshane explained that Defendant had the wrong number, did not know the person Defendant was calling for, and instructed Defendant to stop calling him.

28.     No matter, despite Mr. Deshane's demands that the calls stop, and despite informing Defendant that it was calling the wrong person, Defendant continued to place calls to Mr. Deshane's cellular telephone number.

29.     Upon answering several of Defendant's calls, a noticeable pause greeted Mr. Deshane before being connected with a live customer service representative.

30.     Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, Defendant placed its calls to Mr. Deshane's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

31.     Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Mr. Deshane's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to

5

be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

32.     Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Mr. Deshane's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

6

33.    Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

34.    Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Mr. Deshane's cellular telephone number.

35.    Defendant did not have Mr. Deshane's prior express consent to make any calls to his cellular telephone number.

36.    Rather, Defendant was attempting to reach a third party named Maxine who is unknown to Mr. Deshane.

37.    Mr. Deshane never provided his cellular telephone number to Defendant.

38.    Mr. Deshane never had any business relationship with Defendant.

39.    Defendant did not place any calls to Mr. Deshane's cellular telephone number for emergency purposes.

40.    Upon information and good faith belief, Defendant placed the calls to Mr. Deshane at issue willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

41.    Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the calls at issue to Mr. Deshane.

42.    In addition, and upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to make the telephone calls at issue to Mr. Deshane.

43.    Mr. Deshane suffered harm as a result of Defendant's telephone calls at issue in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

7

44.     As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Mr. Deshane's cellular telephone minutes, for which he paid a third party.

45.     Additionally, the unwanted calls at issue unnecessarily tied up Mr. Deshane's telephone line.

46.     As a result of unwanted calls to his cellular telephone, Mr. Deshane activated a call blocking application for which he pays a monthly fee.

**B. Calls to Ms. Hidalgo**

47.     Shortly after Ms. Hidalgo obtained a new cellular telephone number—(517) 489-xxxx—Defendant began placing calls to it.

48.     Defendant placed at least one call to Ms. Hidalgo's cellular telephone number on May 12, 2016, May 17, 2016, May 18, 2016, June 3, 2016, June 23, 2016, and July 8, 2016.

49.     Defendant placed at least five calls to Ms. Hidalgo's cellular telephone number on June 8, 2016.

50.     Upon information and good faith belief, Defendant placed additional calls to Ms. Hidalgo's cellular telephone number.

51.     Defendant placed some, if not all of its calls to Ms. Hidalgo's cellular telephone number, from (800) 875-5035.

52.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Hidalgo's cellular telephone number by using an automatic telephone dialing system.

53.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Hidalgo's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

8

54.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Hidalgo's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

55.     Ms. Hidalgo answered several of Defendant's calls to her cellular telephone number.

56.     On each occasion that Ms. Hidalgo spoke with Defendant she informed Defendant that she was not the individual for whom Defendant intended to reach—a male—by placing calls to her cellular telephone number.

57.     Defendant placed its calls to Ms. Hidalgo's cellular telephone number in connection with its attempt to collect a consumer debt.

58.     Ms. Hidalgo is not, nor was, one of Defendant's customers.

9

59.     Ms. Hidalgo does not have, nor had, a business relationship with Defendant.

60.     Ms. Hidalgo did not provide Defendant with her cellular telephone number.

61.     Ms. Hidalgo did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

62.     Upon information and good faith belief, Defendant placed its calls to Ms. Hidalgo's cellular telephone number for non-emergency purposes.

63.     Upon information and good faith belief, Defendant placed its calls to Ms. Hidalgo's cellular telephone number voluntarily.

64.     Upon information and good faith belief, Defendant placed its calls to Ms. Hidalgo's cellular telephone number under its own free will.

65.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Hidalgo's cellular telephone number.

66.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to Ms. Hidalgo's cellular telephone number.

67.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Ms. Hidalgo's cellular telephone number.

68.     Ms. Hidalgo suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

69.     As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Ms. Hidalgo paid a third party.

70.     Moreover, Defendant's calls at issue unnecessarily tied up Ms. Hidalgo's cellular telephone line.

## Class Action Allegations

71.     Mr. Deshane and Ms. Hidalgo bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of themselves and two classes of similarly situated individuals as defined below:

### TCPA Class

All persons and entities throughout the United States (1) to whom Enhanced Recovery Company, LLC placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (5) in the four years preceding the filing of this complaint, (6) absent prior express consent—in that the called party was not the intended recipient of Enhanced Recovery Company, LLC's calls.

### FDCPA Class

All persons and entities throughout the United States (1) to whom Enhanced Recovery Company, LLC placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Enhanced Recovery Company, LLC that it was calling the wrong person.

Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

72.     The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

73.     The exact number of members of the classes is unknown to Mr. Deshane and Ms. Hidalgo at this time and can only be ascertained through appropriate discovery.

74.     The proposed classes are ascertainable because they are defined by reference to objective criteria and, upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

75.     The claims of Mr. Deshane and Ms. Hidalgo are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Mr. Deshane and Ms. Hidalgo possess the same interests and have suffered the same injuries as each class member.

76.     Like all members of the proposed TCPA Class, Mr. Deshane and Ms. Hidalgo received telephone calls from Defendant using an automatic telephone dialing system, without their consent, in violation of 47 U.S.C. § 227.

77.     Further, like all members of the proposed FDCPA Class, Mr. Deshane and Ms. Hidalgo received telephone calls from Defendant in connection with the collection of a consumer debt that they did not owe, after informing Defendant that it was calling the wrong person.

78.     Mr. Deshane and Ms. Hidalgo will fairly and adequately protect the interests of the members of the classes and have retained counsel experienced and competent in class action litigation.

79.     Neither Mr. Deshane nor Ms. Hidalgo have interests that are contrary to or in conflict with the members of the classes that they seek to represent.

80.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

81.     Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

82.     There will be little difficulty in the management of this action as a class action.

83.     Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

84.     Among the issues of law and fact common to the classes are:

    a.   Defendant's violations of the TCPA as alleged herein;

    b.   Defendant's violations of the FDCPA as alleged herein;

    c.   Defendant's use of an automatic telephone dialing system;

    d.   Defendant's practice of making calls to wrong or reassigned telephone numbers;

    e.   Defendant's practice of continuing to call consumers after being informed it is calling the wrong number; and

    f.   the availability of statutory damages.

85.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

86.     Mr. Deshane and Ms. Hidalgo repeat and re-allege each and every factual allegation contained in paragraphs 1 – 85.

87.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make and/or place telephone calls to Mr. Deshane's cellular telephone number, without his consent.

88.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make and/or place telephone calls to Ms. Hidalgo's cellular telephone number, without her consent.

89.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Mr. Deshane, Ms. Hidalgo, and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

90.     Mr. Deshane and Ms. Hidalgo repeat and re-allege each and every factual allegation contained in paragraphs 1 – 85.

91.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Mr. Deshane and Ms. Hidalgo in connection with the collection of consumer debts.

92.     Defendant violated 15 U.S.C. § 1692d(5) by causing Mr. Deshane's cellular telephone to ring repeatedly or continuously, and by engaging Mr. Deshane in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Mr. Deshane at the called number.

93.     Defendant did so by repeatedly dialing Mr. Deshane's cellular telephone number after being informed it was calling the wrong person and after being instructed to stop calling.

94.     Defendant violated 15 U.S.C. § 1692d(5) by causing Ms. Hidalgo's cellular telephone to ring repeatedly or continuously, and by engaging Ms. Hidalgo in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Ms. Hidalgo at the called number.

95.     Defendant did so by repeatedly dialing Ms. Hidalgo's cellular telephone number after being informed it was calling the wrong person and after being instructed to stop calling.

WHEREFORE, Mr. Deshane and Ms. Hidalgo pray for relief and judgment, as follows:

(a)     Determining that this action is a proper class action and designating Mr. Deshane and Ms. Hidalgo as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Mr. Deshane's cellular telephone number and Ms. Hidalgo's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c)     Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Mr. Deshane, Ms. Hidalgo, and the other members of the FDCPA Class;

(d)     Awarding Mr. Deshane, Ms. Hidalgo, and members of the TCPA Class actual damages, or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e)     Awarding Mr. Deshane, Ms. Hidalgo, and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(f)     Awarding Mr. Deshane, Ms. Hidalgo, and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g)     Awarding other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Mr. Deshane and Ms. Hidalgo hereby demand a trial by jury.

Dated: December 8, 2016                Respectfully submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Counsel for Plaintiffs and the proposed classes